UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 19-297-DLB

MICHAEL HARRIS                                                 PETITIONER

v.                  **MEMORANDUM OPINION AND ORDER**

J.A. BARNHART, WARDEN                                RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Michael Harris is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Harris filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth herein, Harris's Petition is **denied**.

In the late 1990s, Harris was convicted of multiple drug- and gun-related crimes, including but not limited to possession with the intent to distribute cocaine, carrying a firearm during a drug trafficking offense, possessing an unregistered silencer, and possessing a firearm with the serial number obliterated. *See United States v. Harris*, No. 1:97-cr-063 (S. D. Ind. 1997). The trial court ultimately sentenced Harris to life in prison. Harris then filed a direct appeal, but the United States Court of Appeals for the Seventh Circuit affirmed the judgments of conviction of Harris and his co-defendants. *See United States v. Thornton*, 197 F.3d 241 (7th Cir. 1999).

1

On March 28, 2000, Harris filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. However, on February 26, 2001, the district court denied that motion. *See Harris*, 1:97-cr-063, at Doc. # 1 (docket sheet listing this procedural history).[1] Harris then filed subsequent § 2255 motions, as well as multiple § 2241 petitions, but his attempts to collaterally attack his underlying convictions and sentence were unsuccessful. *See, e.g.*, *Harris v. United States*, No. 6:18-cv-295-CHB, Doc. # 7 (E.D. Ky. Feb. 19, 2019) (discussing Harris's litigation history); *Harris v. Butler*, No. 6:14-cv-107-DLB, Doc. # 7 (E.D. Ky. Sept. 15, 2014) (same).

Harris has now filed yet another § 2241 petition with this Court. (Doc. # 1). Put simply, Harris claims that, in light of the United States Supreme Court's June 5, 2000 decision in *Castillo v. United States*, 530 U.S. 120 (2000), he is "actually innocent" of his 18 U.S.C. § 924(c) conviction. Thus, Harris asks this Court to grant him habeas relief.

Harris's petition, however, constitutes an impermissible collateral attack on his conviction. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447

---

[1] Harris also confirms this procedural history in his present habeas petition, pointing out that the Southern District of Indiana denied his initial § 2255 motion on February 26, 2001. (Doc. # 1 at 2).

(6th Cir. 2009). Harris cannot use his § 2241 petition as a way of challenging his conviction.

The Court recognizes that there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Harris does not meet all of these requirements. Even assuming, without deciding, that *Castillo v. United States*, 530 U.S. 120 (2000), applies to the merits of Harris's petition, the Supreme Court decided that case on June 5, 2000, more than eight months *before* the United States District Court for the Southern District of Indiana denied Harris's *initial* § 2255 motion. Thus, Harris certainly had a meaningful time to incorporate his *Castillo*-related arguments into his original § 2255 motion, as well as his other subsequent filings. Instead, Harris apparently waited over 19 years to put forth his arguments. That is simply not proper. Thus, the Court will deny Harris's petition.

This result is consistent with the Sixth Circuit's recent decision in *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). In *Wright*, the Sixth Circuit specifically held "that a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition

through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id.* Here, Harris has not shown that he had no prior reasonable opportunity to bring his argument for relief; if anything, the record suggests that Harris had numerous opportunities to assert his *Castillo*-related arguments, and he simply failed to do so.

Accordingly, it is **ORDERED** that:

(1) Harris's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding Judgment will be entered this date.

This 26th day of December, 2019.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\19-297 MOO.docx